## BRADWAY, *qui tam*, &c. *against* LE WORTHY.

GOLD, in behalf of the plaintiff, moved for leave to enter a discontinuance in this cause. He read an affidavit of the plaintiff, stating, that he had no interest whatever in the cause ; that at the request of *J. Gilbert*, and *E. Griffin*, he lent his name to bring the present action, which was against the defendant, under the 3d section of the *act for preventing usury*, for taking usury of one *O. Dodge*, and they engaged to indemnify the plaintiff from all costs. The plaintiff had also executed a release of the suit. The defendant's affidavit, also, stated that the cause had been settled and discharged.

*Kirkland*, contra, read the affidavits of *E. Griffin*, attorney for

It is in the discretion of the court, under the statute, (sess. 11. ch. 9. s. 8.) to allow an informer or plaintiff in a *popular* action on a penal statute, to *compound*, upon such terms as they think fit; and it is a general rule, in the exercise of this discretion to require, as one of the terms of the compound, the moiety of the penalty given to the people to be paid unless under special circumstances, when leave to discontinue on payment of the costs only will be granted.

the plaintiff, and *J. Gilbert*, expressly contradicting the facts stated in the plaintiff's affidavit, and that the plaintiff had absconded, without paying the costs, having, as they had reason to believe, obtained a considerable sum of money for discharging the suit; that a verdict had been obtained against the defendant in the suit, but the judgment was arrested for a defect in the declaration.

*Per Curiam.* By the statute *to redress disorders by common informers, &c.* (sess. 11. c. 9. s. 8.) it is declared, that no informer, or plaintiff, in any action popular, shall compound, or agree with the offender, without the order or consent of the court, in which the suit shall be depending. This is a transcript of the *English* statute of 18 *Eliz.* c. 5. s. 3. the construction of which, in the *English* courts, has been, that it is in the discretion of the court, to give leave to compound upon such terms as they shall think proper, under the circumstances of the case. (1 *Wils.* 79. 5 *Term Rep.* 258.) And it seems to be a general rule of the court of *K. B.* when they give leave to compound a penal action, to require the king's half of the composition to be paid. (*Burr.* 1929.) This is a very salutary rule, and well calculated to prevent speculations on penal statutes; and we shall be disposed, hereafter, to adopt the principle of this rule, unless some special circumstances shall appear to prevent its application. In the present case, however, leave is given to discontinue, on payment of costs only, without exacting the moiety of the penalty to which, by the statute, the overseers of the poor of the town where the offence was committed, would be entitled.

                                           Rule granted.