JULIUS LEVY *vs.* CHARLES H. GOWDY & another.

The penalty incurred by a sale of coal in violation of *St.* 1855, *c.* 188, § 4, may be recovered
in an action of tort.

In an action of tort to recover the amount of a penalty incurred by a sale of coal in viola-
tion of *St.* 1855, *c.* 188, § 4, it is not necessary to allege that the act was done against the
form of the statute, or that the action is brought by the plaintiff as well for the town in
which the sale was made as for himself, or to allege or prove that there was at the time
of the sale a sworn weigher therein.

TORT to recover the amount of penalties incurred by sales of
coal in the town of Westfield, in violation of *St.* 1855, *c.* 188,
§ 4. The writ was dated May 27th 1860.

The first count was as follows : " And the plaintiff says the
defendants in the month of October A. D. 1859, at Westfield
in said county, sold and delivered to the plaintiff a quantity of
five hundred pounds or more of anthracite, bituminous or min-
eral coal, not by the cargo, and did not on or before the delivery
of such coal so sold, cause the same to be weighed by a sworn
weigher of the town in which the same was sold and delivered,
nor was a certificate of the weight thereof signed by the weigher
delivered to the·buyer or his agent at the time of the delivery
of such coal, whereby the defendants have forfeited the sum of
thirty dollars, one half thereof to the use of the plaintiff, and
the other half to the use of the town of Westfield, where the
offence was committed."

The second count charged a sale in March 1860 in the same
manner.

The third count was like the first, with the addition of these words: "And therefore the defendants owe the plaintiff the sum of fifteen dollars, being one half the amount of said forfeiture of thirty dollars;" and the fourth count was like the second, with the same addition.

The defendants filed a demurrer, assigning for causes that the offences charged were not alleged to have been committed against the form of the statute; that an action of tort is not the proper remedy for the acts charged; that the declaration contained no averment that there was at the times of the alleged sales a sworn weigher in Westfield; or that the action was brought for the benefit of the town as well as of the plaintiff.

The demurrer was overruled in the superior court, by *Brigham*, J., and it was thereupon agreed, the defendants reserving their rights under the demurrer, that the facts set forth in the declaration were true, and that there was at the times alleged no sworn weigher of coal in Westfield; and judgment was ordered for the plaintiff, for $60. The defendants appealed.

*N. T. Leonard*, for the defendants.

*H. B. Stevens*, for the plaintiff.

METCALF, J. The causes assigned for this demurrer are not sufficient to support it, and it must be overruled.

1. Although the acts charged in the declaration are not, by the common law, penal offences, but are made such by *St.* 1855, *c.* 188, § 4, yet since the passing of *St.* 1852, *c.* 312, it is not necessary, as it was previously, (9 Pick. 162,) to allege that they were committed against the form of the statute. In that statute, forms of declaration for the recovery of a penalty are furnished, which contain no reference to any statute, though the penalty,— in each of the cases for which the form is set forth, is imposed by statute only.

2. As the *St.* of 1855, *c.* 188, does not prescribe the mode in which the penalty thereby imposed shall be recovered, it is to be sued for and recovered in an action of tort. Rev. Sts. *c.* 118, § 42, and *St.* 1852, *c.* 312, § 1. *Nye* v. *Lamphere*, 2 Gray, 295.

3. It was not necessary to the maintenance of this action that there should have been a sworn weigher of coal in the town

of Westfield, and of course it was not necessary to allege that there was such a weigher there. The prescribed penalty is for selling coal not weighed by a sworn weigher of the town where it is sold or delivered; and if there is no sworn weigher of coal, there cannot be any lawful sale of it in a quantity of five hundred pounds or more. By *St.* 1855, *c.* 188, § 5, the selectmen of Westfield were " required to appoint one or more persons to be weighers " of coal; and their neglect to appoint a weigher did not render lawful the sales made by the defendants. In *Miller* v. *Post,* 1 Allen, 434, it was decided that the sale of milk in Boston, in cans that were not sealed as they were required to be, by *St.* 1859, *c.* 206, was unlawful, though the city sealer of weights and measures who was required, by that statute, to seal cans, refused to seal them. The decision must have been the same, if the city authorities, in neglect of their duty, had not appointed a sealer. In the present case, the penalty for selling coal not weighed by a sworn weigher is imposed absolutely, and not on condition that city or town officers shall perform the duty required of them, by appointing weighers. Herein this case differs essentially from that of *Soper, in error,* v. *The President, &c. of Harvard College,* 1 Pick. 177, which was cited in support of this third cause assigned for demurrer. In that case, the action was against the keeper of a livery stable, on *St.* 1819, *c.* 37, which enacted that no such stable keeper should give credit to any under-graduate of a college, without the consent of such officer of the college as might be authorized by the government thereof to act in such cases, or in violation of such rules as should from time to time be established by authority of the college. No college officer, whose consent should be obtained, was designated by the statute, nor did it require the appointment of any such officer, or the establishment of any rules by the college authorities. The court therefore held that the penalty prescribed by the statute for giving credit to an **un**der-graduate was not incurred, unless some rules had been made on that subject, or some officer had been authorized to give consent to such credit; and that the declaration, which did not aver the appointment of such officer, nor the

establishment of such rules, showed no cause of action, and would not sustain a judgment against the defendant. The penalty was, in legal effect, imposed conditionally, to wit, on condition that an officer of the college should be appointed to grant consent to the giving of credit to under-graduates, or that rules on the subject should be made by authority of the college. And it is a familiar rule of pleading, that when the right of recovery depends on a condition precedent, the declaration must allege performance of it, or what is equivalent to performance, to entitle the plaintiff to recover.

4. It was unnecessary that the plaintiff should allege that he sued as well for the town of Westfield as for himself. Such allegation is usually made in *qui tam* actions, but in a case like this it is not required. 1 Chit. Pl. (6th Amer. ed.) 128, 404. In a case in which an informer sued, by information in the name of the king, for a forfeiture, one half of which, by *St. 5* Anne, *c.* 14, § 4, was given to the informer, and the other half to the poor of the parish, the informations were held to be good, although the informer did not therein pray that he might have a moiety of the forfeiture, nor state for whom he sued. *The King* v. *Lovet,* 7 T. R. 152. See also Archbold on Commitments and Convictions, 187, 188. In such a case, the court render a judgment that will secure the disposal of the penalty according to the statute on which the information is founded.

In the case at bar, the conclusion of the several counts — averring that the defendants have forfeited the sum of thirty dollars, and stating the uses to which that sum is forfeited — secures to the town a moiety of the forfeiture. See *Inhabitants of Raynham* v. *Rounseville,* 9 Pick. 44; *Burley* v. *Burley,* 6 N. H. 200; *Bradway* v. *Le Worthy,* 9 Johns. 251.

If, in either of the four counts, there is any demurrable defect which is not specially assigned as a cause of demurrer, it is not now open to the defendant. *St.* 1852, *c.* 312, §§ 21, 22.

We have not referred to any of the provisions of the General Statutes, because this action was commenced before they took effect.

The last two counts being for the same causes of action that

are set forth in the first two, judgment is to be rendered for the amount of two penalties, namely, for the sum of sixty dollars, one half thereof to the use of the plaintiff, and the other half to the use of the town of Westfield.

>    *Demurrer overruled.  Judgment on the facts agreed.*